# SUPREME JUDICIAL COURT

#### FOR THE

### COUNTIES OF HAMPSHIRE, FRANKLIN AND HAMPDEN, SEPTEMBER TERM 1845, AT NORTHAMPTON.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL S. WILDE,
Hon. CHARLES A. DEWEY, } Justices.
Hon. SAMUEL HUBBARD,

---

Hiram Thayer & another *vs.* Erastus Smith.

When an assignee of an insolvent debtor files a bill in equity, praying that the defendant, to whom such debtor has mortgaged land for the purpose of giving an illegal preference, may be ordered to give up the mortgage, or convey the land to the assignee, but waiving all claim to a discovery from the defendant, or to an answer on oath, and relying wholly on proofs within the plaintiff's own power, the bill shows that the plaintiff has a plain, adequate and complete remedy at law, by a writ of entry, and that the court have no jurisdiction in equity.

This was a bill in equity, brought by the assignees of Levi Dickman, an insolvent debtor, in which they averred that said Levi, on the 7th of March 1844, within six months next before the institution of proceedings in insolvency against him, made to the defendant a mortgage of certain real estate in Hatfield, to secure payment to him of a preëxisting debt. The allegations, &c. in the bill sufficiently appear in the opinion of the court. The prayer of the bill was, that inasmuch as the

Thayer & another v. Smith.

plaintiffs had not a complete and adequate remedy at law, the court would order and decree that the defendant should "surrender, deliver up and release said mortgage, or discharge the same, or convey the property therein described, or pay the full value thereof," and that the plaintiffs, as assignees, might have such further relief, in the premises, as to the court might seem meet.

Demurrer to the bill, and joinder.

*Forbes*, in support of the demurrer.

*Huntington*, for the plaintiffs.

SHAW, C. J.    The plaintiffs, in their bill, set forth that they are the assignees of the estate of Levi Dickman, an insolvent debtor; that all the property of said Dickman, liable for his debts, has been assigned to them; that said Dickman, within six months before the filing of the petition for proceedings against him, having reasonable cause to believe himself insolvent, conveyed real estate to the defendant, in fraud of the insolvent laws, in order to give him an illegal preference; and that the defendant, when accepting said conveyance, had reasonable cause to believe said Dickman insolvent; by means of which proceedings, and by force of the statute, the said estate vested in the plaintiffs.    The bill waives all claim for discovery, and dispenses with any answer on oath.

It appears to the court that the plaintiffs set out a complete title to the estate.    As they ask no aid from the defendant, by way of discovery, but depend upon proofs within their own power, the same proof, which would support the bill, would sustain a real action.

One reason assigned for proceeding in equity is, that the plaintiffs may have the benefit of a decree requiring the defendant to discharge or convey his interest, in order to clear the title of a cloud.    But nothing can more effectually clear the title of all cloud, than the judgment of a court of law, upon the very question of title, in a real action.

We are of opinion that the plaintiffs have a plain, adequate and complete remedy at law, and that the court have no jurisdiction in equity.    See *Law* v. *Thorndike*, 20 Pick. 317.

*Bill dismissed*